IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NICHOLAS JURICH,** | ) |
| | ) |
|    **Plaintiff,** | ) |
| | ) |
| v. | )   CIVIL ACTION 12-0176-WS-B |
| | ) |
| **COMPASS MARINE, INC., et al.,** | ) |
| | ) |
|    **Defendants.** | ) |

**ORDER**

The Court has by separate order granted the plaintiff's motion for leave to file a first amended complaint. Accordingly, the following motions are **denied as moot**: (1) the motion of defendant Compass Marine, Inc. ("Compass") to dismiss, (Doc. 6); (2) the plaintiff's motion for leave to file a sur-reply brief; (Doc. 27); (3) the motion of defendant REC Marine Logistics, LLC ("REC") for leave to attach exhibit, (Doc. 28); (4) the motion of REC for leave to file a reply brief, (Doc. 32); and (5) the plaintiff's motion for leave to file a sur-reply brief. (Doc. 34).

The motion to dismiss filed by REC includes an that personal jurisdiction is lacking, which issue has been fully briefed by the parties. (Doc. 23 at 8-10; Doc. 29 at 10-11; Doc. 32 at 6-7). In the interests of judicial economy, the Court addresses this threshold argument.

REC admits that the existence of personal jurisdiction is to be determined under the Fifth Amendment rather than the Fourteenth, given that the plaintiff asserts a RICO claim and given that RICO provides for nation-wide service of process. (Doc. 23 at 9). REC also admits that the analysis of personal jurisdiction under the Fifth Amendment is set forth in *Republic of Panama v. BCCI Holdings S.A.*, 119 F.3d 935 (11th Cir. 1997).

To prevail on a personal jurisdiction challenge under *Republic of Panama*, the defendant must first "presen[t] a compelling case that … would render jurisdiction

[1]

unreasonable." 119 F.3d at 946 (internal quotes omitted). In making this assessment, the defendant's dearth of contacts with the forum state "plays no magical role." *Id*. Rather, "[a] court must … examine a defendant's aggregate contacts with the nation as a whole rather than his contacts with the forum state in conducting the Fifth Amendment analysis." *Id*. at 946-47. So long as the defendant has minimum contacts with the United States, it will be "rare" for the assumption of jurisdiction in the forum state to violate due process. *Id*. at 947. "The burden is on the defendant to demonstrate that the assertion of jurisdiction in the forum will make litigation so gravely difficult and inconvenient that [he] unfairly is at a severe disadvantage in comparison to his opponent." *Id*. at 948 (internal quotes omitted).

REC acknowledges that it is a Louisiana limited liability company with its principal place of business in Lafourche Parish, Louisiana. (Doc. 23, Exhibit A, ¶ 4). It therefore has contacts with the United States as a whole. REC stresses that it has no agents in Alabama, that it does not own any property here, and that the plaintiff, while in REC's employ, did not perform work here. (*Id*., ¶¶ 5, 6, 9). As noted, however, contact with the forum state is not required under the Fifth Amendment.

The burden is on REC to show that defending in this forum will be "so gravely difficult" that it is placed at a "severe disadvantage" in comparison to the plaintiff. REC, however, identifies nothing with which to make such a showing. It posits that it will be "significantly burdened" by litigation in this forum, but it cites only to its location in Louisiana. (Doc. 23 at 10). That by itself is inadequate as a matter of law. "As a practical matter … state lines cannot provide an accurate measure of the burdens that would be imposed on a defendant by requiring him to defend an action in a particular forum. There is nothing inherently burdensome about crossing a state line." *Republic of Panama*, 119 F.3d at 946 (internal quotes omitted); *see also id*. at 947 ("[M]odern means of communications and transportation have lessened the burden of defending a lawsuit in a distant forum.") (internal quotes omitted).

Because REC did not satisfy its initial burden under *Republic of Panama*, further discussion is unnecessary. Based on the authority and evidence REC has presented, the Court concludes that personal jurisdiction over REC exists. REC's motion to dismiss, to the extent based on an asserted lack of personal jurisdiction, is **denied**. In all other respects, REC's motion to dismiss is **denied as moot**.

DONE and ORDERED this 26th day of June, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE