IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS JURICH, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 12-0176-WS-B |
| | ) |
| COMPASS MARINE, INC., et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

The original complaint was filed March 9, 2012 and included among the named defendants ABC Shipping Co. ("ABC"). (Doc. 1 at 1). The first amended complaint was filed June 29, 2012 and added as defendants K&K Offshore, LLC ("K&K"), Tiburon Divers, and Ranger Offshore, Inc. ("Ranger"). (Doc. 41 at 1). None of these defendants have appeared in this action. As to ABC, it appears that no summons was ever requested. As to the other three defendants, summons issued, (Doc. 42), but no return of service was ever filed. After reporting these facts, the Court ordered the plaintiffs to show cause why their action as to these four defendants should not be dismissed without prejudice pursuant to Rule 4(m). (Doc. 57). The plaintiffs have responded. (Doc. 58).

As for ABC and Tiburon Divers, the plaintiffs have no objection to their dismissal under Rule 4(m). (Doc. 58 at 1). Accordingly, these defendants are due to be dismissed.

As for K&K and Ranger, the plaintiffs sent their registered agents a notice and request for waiver under Rule 4(d).[1] The certified mail receipts reflect their

---

[1] Left unexplained is why the plaintiffs requested summonses directed to these defendants via these same agents but, after receiving them, did not serve them but sent notices and requests for waiver instead.

receipt by the agents on July 5. Counsel states that, in his experience, such receipt is usually followed by a notice of appearance and that he "naively expected an appearance to be filed, became overly fixated on the motions to dismiss, and lost sight of the 120 days deadline for effectuating personal service per FRCP 4(m)." (Doc. 58 at 2).

The plaintiffs' failure to perfect service on K&K and Ranger within 120 days after filing the amended complaint exposes their action as to these defendants to dismissal without prejudice under Federal Rule of Civil Procedure 4(m). However, "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id*. Good cause exists "only when some outside factor such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Prisco v. Frank*, 929 F.2d 603, 604 (11th Cir. 1991). In particular "inadvertence of [the] attorney" does not constitute good cause. *Anderson v. Iron Will, Inc.*, 2008 WL 2157145 at *2 (S.D. Ala. 2008) (internal quotes omitted). Because the plaintiffs have shown only counsel's inadvertence, they have not shown good cause.

Absent good cause, the Court may, but need not, allow additional time. *Horenkamp v. Van Winkle & Co.*, 402 F.3d 1129, 1132 (11th Cir. 2005); *accord Lepone-Dempsey v. Carroll County Commissioners*, 476 F.3d 1277, 1281-82 (11th Cir. 2007). In determining whether to exercise its discretion to extend the time for service despite the lack of good cause, a court considers whether the defendant is evading service, whether it is concealing defects in service, and whether the statute of limitations will bar the re-filing of the lawsuit should it be dismissed. *Horenkamp*, 402 F.3d at 1132. This is "not an exhaustive list" of factors a court may consider. *Lepone-Dempsey*, 476 F.3d at 1182.

Although invited by the Court to address Rule 4(m), the plaintiffs did not do so. Even without their input, it is plain that K&K and Ranger are not evading service or concealing defects in service, since the plaintiffs have not attempted service. The Court thus turns to the statute of limitations factor.

As to K&K, the objectionable conduct occurred in and after August 2011. (Doc. 41 at 4). Therefore, only a limitations period of one year or less could bar the re-filing of suit against K&K. As to Ranger, the objectionable conduct occurred sometime in 2009. (*Id.*). Therefore, any claim subject to a two-year limitations period was time-barred before the amended complaint was filed, and any claim subject to a four-year limitations period will not be time-barred should this action be dismissed. Only claims subject to a three-year limitations period could be both timely when filed and untimely if re-filed.

Invoking Alabama law, the plaintiffs bring claims for conversion, conspiracy, money had and received, breach of contract, and breach of fiduciary duty. (Doc. 41 at 6-9). The Alabama statute of limitations for conversion, breach of contract, and money had and received is six years.[2] The Alabama statute of limitations for conspiracy and breach of fiduciary duty is two years.[3] None of these limitations periods has expired since the amended complaint was filed, and therefore dismissal would not place the plaintiffs in a worse position.

The plaintiffs do not bring these claims specifically as state law causes of action. Instead, they assert them as federal claims under the general maritime law, adopted to fill in gaps in that federal law. (Doc. 41 at 1-2; Doc. 50 at 30). Since they are being presented as federal claims, they are subject to a federal limitations period, and the Alabama periods thus do not directly control. However, "[w]hen

---

[2] *Ex parte Prudential Insurance Co.*, 785 So. 2d 348, 352 (Ala. 2000) (conversion) (citing Ala. Code § 6-2-34(3)); *Hollander v. Nichols*, 19 So. 3d 184, 192 n.3 (Ala. 2009) (breach of contract) (citing Ala. Code § 6-2-34(9)); *Johnson v. Life Insurance Co.*, 581 So. 2d 438, 443 (Ala. 1991) (money had and received).

[3] *Garris v. A&M Forest Consultants, Inc.*, 623 So. 2d 1035, 1039 (Ala. 1993) (conspiracy) (citing Ala. Code § 6-2-38(*l*)); *Hensley v. Poole*, 910 So. 2d 96, 101 (Ala. 2005) (breach of fiduciary duty) (citing Ala. Code § 6-2-38(*l*)). The plaintiffs' conversion claim as against the employer defendants (including K&K and Ranger) is based on their status as principals of defendant Compass Marine, Inc. (Doc. 41 at 6). Such a claim is subject to a two-year limitations period rather than the six-year period generally applicable to conversion claims. *Ex parte Prudential*, 785 So. 2d at 352 (citing Ala. Code § 6-2-38(n)).

Congress has not established a statute of limitations for a federal cause of action, the settled practice is for federal courts to borrow the forum state's limitations period for the most analogous state law cause of action," at least "when it is not inconsistent with federal law or policy to do so" and "there does not exist a more closely analogous federal statute of limitations." *Harrison v. Digital Health Plan*, 183 F.3d 1235, 1238 (11th Cir. 1999) (internal quotes omitted).  Applying that rule to these non-statutory causes of action, the Court has been presented no reason to believe either that the Alabama periods would not be utilized or, if they are not utilized, that a federally crafted limitations period would be less favorable to the plaintiffs.

The plaintiffs also assert a civil RICO claim.  (Doc. 41 at 10-15).  Such claims are subject to a four-year limitations period.  *Pacific Harbor Capital, Inc. v. Barnett Bank, N.A.*, 252 F.3d 1246, 1251 (11th Cir. 2001).  Dismissal under Rule 4(m) would not impair the plaintiffs' ability to re-file this claim.

Finally, the plaintiffs bring a general maritime law claim for seaman's wages.  (Doc. 41 at 4-5; Doc. 56 at 3).  It has been held that, in the context of a statutory wage claim under 46 U.S.C. § 10313, there is no limitations period but only a laches analysis.  *Priyanto v. M/S Amsterdam*, 2009 WL 1160229 at *12 (C.D. Cal. 2009); *see generally Venus Lines Agency, Inc. v. CVG International, Inc.*, 234 F.3d 1225, 1230 (11th Cir. 2000) ("[I]n admiralty claims, the equitable doctrine of laches generally controls whether a party's delay in bringing a claim should bar the suit.").  Laches analysis begins with identifying the analogous state limitations period.  *See id.* (utilizing Florida statute of limitations).  Alabama actions to recover wages must be brought within two years.  Ala. Code § 6-2-38(m).  When suit is filed within the statutory limitations period, "the defendant must show inexcusable delay and resulting prejudice in order to establish a laches defense."  *Venus Lines*, 234 F.3d at 1230.  The Court has been given no reason to believe that K&K could meet this burden should the plaintiffs re-file, barely one year after the challenged conduct occurred.  As to Ranger, the analogous

limitations period had expired before it was sued, so even now the plaintiffs bear the burden to "prove either absence of prejudice or excuse for delay to repel a claim for laches,"[4] and the Court has been given no reason to believe they could meet such a burden now but could not do so in a promptly re-filed suit.

In summary, the plaintiffs have offered no good cause for failing to serve K&K and Ranger and thus are not entitled as of right to additional time to attempt service. The prescribed factors for the Court to consider in weighing whether to grant a discretionary extension of time do not support such an extension, and the plaintiffs declined to identify any other factors the Court should consider in this instance. Certainly the plaintiffs' inattention to the case does not furnish grounds for a discretionary extension.[5]

For the reasons set forth above, defendants ABC Shipping Co., Tiburon Divers, K&K Offshore, LLC, and Ranger Offshore, Inc. are **dismissed without prejudice**.

DONE and ORDERED this 8th day of November, 2012.

        s/WILLIAM H. STEELE
        CHIEF UNITED STATES DISTRICT JUDGE

---

[4] *Mecom v. Levingston Shipbuilding Co.*, 622 F.2d 1209, 1215 (5th Cir. 1980).

[5] The record reflects that the plaintiffs took absolutely no steps to serve K&K or Ranger and took no steps to monitor their initial effort to obtain these defendants' appearance without service of process. Being "overly fixated on the motions to dismiss" hardly excuses this nonchalance, especially given that the plaintiffs' last briefs on the motions were filed July 27 and their last filing related to the motions was filed August 15. (Docs. 50, 51, 54).