# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| NICHOLAS JURICH, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION 12-0176-WS-B |
| ) | |
| COMPASS MARINE, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on the remaining parties' competing motions for summary judgment. (Docs. 130, 143). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 131-32, 139-40, 144-45, 152-54), and the motions are ripe for resolution.

## BACKGROUND

This action was begun against six defendants by four plaintiffs alleging seven causes of action. (Docs. 1, 41). The Court dismissed four defendants pursuant to Rule 4(m), and a fifth was dismissed with the parties' agreement. (Docs. 60, 85). The sole remaining defendant is Compass Marine, Inc. ("Compass"), a maritime employment placement agency. The parties then stipulated to the dismissal of plaintiff Wilbur Smith and of all but one cause of action. (Doc. 124). The sole remaining claim is a seaman's claim for wages under general maritime law.

While this action was pending before the Court, Smith filed another, naming a different maritime employment placement agency as a defendant, along with a former employer. *Smith v. Seaport Marine, Inc.*, Civil Action No. 12-0501-WS-B. The complaint in *Smith* and the amended complaint herein were filed by

the same counsel and contain substantively identical allegations and the same causes of action. As in this case, the parties in *Smith* stipulated to the dismissal of all claims save for a seaman's claim for wages under general maritime law. (*Id.*, Docs. 1, 60).

## DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993); *accord Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with

respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

In deciding a motion for summary judgment, "[t]he evidence, and all reasonable inferences, must be viewed in the light most favorable to the nonmovant …." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003). But there is no burden on the Court to identify unreferenced evidence supporting a party's position. Accordingly, the Court limits its review to the exhibits, and to the specific portions of the exhibits, to which the parties have expressly cited.

In *Smith*, this Court recently granted the defendants' motion for summary judgment. *Smith v. Seaport Marine, Inc.*, ___ F. Supp. 2d ___, 2013 WL 5878965 (S.D. Ala. 2013). For reasons that appear below, the Court concludes that *Smith* dictates the same resolution here.

The plaintiffs' claim depends upon the existence of a violation of 46 U.S.C. § 11109(b), which provides that "[a]n assignment or sale of wages or salvage made before the payment of wages does not bind the party making it," with an exception not applicable here. In *Smith*, this Court ruled that "the summary judgment record, viewed in the light most favorable to Smith, does not establish a violation of § 11109(b)." 2013 WL 5878965 at *6. Smith stressed that the paycheck mailing agreement ("PMA"), which authorized his employer to mail his payroll checks directly to Seaport Marine until the agreed placement fee was paid, provided that it was "irrevocable" until full payment was received. The Court ruled that this language rendered the PMA inconsistent with Section 11109(b) but that its mere presence in the PMA could not of itself violate the statutory provision. The Court acknowledged that a different situation might be presented if

3

the term "factored into the course of dealings between these parties in any way," but no such evidence was presented. *Id*. at *7 & n.16.

The *Smith* Court further ruled that, even had the plaintiff shown a statutory violation, and even if such a violation would open the door for judicial creation, under the tottering "wards of admiralty" doctrine, of a damages remedy not provided by Congress, the equities disfavored creation of such a remedy, given Smith's failure to show that he had been wronged or damaged by inclusion of the term "irrevocable" in the PMA. 2013 WL 5878965 at *9-10.

The language of the PMA and other contractual documents in this case is indistinguishable from that in *Smith*, as are the plaintiffs' arguments. Unless there is a meaningful difference in the evidence presented, then, *Smith* instructs that the same result must obtain here as there. The plaintiffs make an effort to show such a difference, but to no avail.

The *Smith* Court listed several ways by which a plaintiff might show that the appearance of the term "irrevocable" indeed "factored into the course of dealings" between the parties. One of these ways, the *Smith* Court suggested, would be to present evidence that the plaintiff attempted to revoke the PMA and was rebuffed. 2013 WL 5878965 at *7. This is the only avenue by which the plaintiffs attempt to avoid *Smith*.

Plaintiffs Jurich and Wood have submitted brief declarations. Each consists of a single (and identical) substantive sentence: "My attempt to revoke the agreement with Compass when it took my entire final paycheck was denied by Compass." (Doc. 152, O'Bryan Declaration, Exhibit B; Doc. 153, Attachment). Unfortunately for them, they have also submitted their deposition testimony, which recounts everything they did when the defendant withheld their entire final paychecks (after they were terminated before paying the defendant its agreed fee), and that testimony on its face reflects that, while they questioned whether they were in fact terminated and/or whether their terminations triggered the defendant's

4

contractual right to withhold their final paychecks, they never sought to revoke the contracts in general or the PMAs in particular. (Doc. 152 at 5-8).

"When a party has given clear answers to unambiguous questions which negate the existence of any genuine issue of material fact, that party cannot thereafter create such an issue with an affidavit that merely contradicts, without explanation, previously given clear testimony." *Van T. Junkins & Associates, Inc. v. U.S. Industries, Inc.*, 736 F.2d 656, 657 (11th Cir. 1984). This rule captures the plaintiffs' attempt to create a fact issue as to whether they tried to revoke the PMAs. Because their effort fails, their case remains governed by *Smith*; without a foiled attempt to revoke, there is no violation of Section 11109(b) on which to peg a judicially-created remedy, and without such an attempt the equities continue to disfavor creation of such a remedy even had there been a violation.

## CONCLUSION

For the reasons set forth above, the plaintiffs' motion for summary judgment is **denied** and the defendant's motion for summary judgment is **granted**. The plaintiffs' remaining claims against the defendant are **dismissed with prejudice**. Judgment shall be entered accordingly by separate order. The plaintiffs' motion for class certification, (Doc. 141), is **denied as moot**.

DONE and ORDERED this 7th day of November, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE